UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

**United States of America**

v. ___Lori Zeno___, *Defendant*

Case No. 25cr182(RPK)

## ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Conditions of Release below and:
( ) On **Personal Recognizance** on the defendant's promise to appear at all scheduled proceedings as required, or
(✓) Upon **Bond** executed by the defendant in the amount of $ __500,000__, which shall be
   [ ] unsecured; [✓] cosigned by the financially responsible sureties identified on this bond;
   [ ] secured by Collateral set forth on the Appearance Bond Supplement.

### CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions, which the Court finds are the least restrictive conditions necessary to reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) The defendant must appear in court as required and surrender as directed for service of any sentence imposed.
(2) The defendant must not commit a federal, state or local crime while on release.
(3) The defendant must cooperate in the collection of DNA sample if it is authorized by 34 U.S.C. § 40702.
(4) The defendant must advise the Court in writing before making any change in residence or telephone number.
(5) The defendant must not possess a firearm, destructive device or other dangerous weapon.
(6) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Marijuana is still prohibited under federal law.
(7) As marked below, the defendant must also:
   (✓) (a) submit to pretrial supervision and report to Pretrial Services as directed. The defendant is subject to random home contacts and verification of employment as deemed appropriate to monitor compliance with the conditions of release. The defendant shall notify Pretrial Services as soon as possible of any arrests.
   ( ) (b) [ ] continue or actively seek employment. [ ] continue or start an education and/or vocational program.
   (✓) (c) surrender any passport to Pretrial Services by _____ and not obtain a passport or any international travel document.
   (✓) (d) not leave the following areas except for travel to and from court: [ ] New York City; [ ] Long Island; [✓] New York State; [ ] New Jersey; [ ] Continental United States; [ ] as approved by Pretrial Services; [ ] other: _____
   (✓) (e) not have any contact with the following individual(s), location or entity: co-dfts + current or former employees of
   ( ) (f) maintain residence at: _____ or at a location approved by Pretrial Services. the org in the
   (✓) (g) undergo testing, evaluation and/or treatment for substance abuse as directed by Pretrial Services. indictment except
   (✓) (h) undergo evaluation and treatment for mental health problems, as directed by Pretrial Services. for her children.
   ( ) (i) be subject to the following component of location monitoring, with technology as determined by Pretrial Services:
       ( ) (i) **Curfew** – restricted to residence [ ] daily from _____ to _____ ; or [ ] as directed by Pretrial Services.
       ( ) (ii) **Home Detention** – restricted to residence at all times, except for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, employment, education, substance abuse/mental health services and other activities approved in advance by Pretrial Services. Additionally, the Court permits: _____.
       ( ) (iii) **Home Incarceration** – 24-hour lock-down at residence, except for medical necessities, court appearances, and any other activities ordered by the Court.
       ( ) (iv) **Stand Alone Monitoring** – no residential restrictions; this condition will be used in conjunction with global positioning system (GPS) technology.
   ( ) (j) pay all or part of cost of location monitoring, based on ability to pay as determined by Pretrial Services.
   ( ) (k) _____

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs the bond, acknowledge that I have read this Order Setting Conditions of Release and Appearance Bond and have either read all the other conditions of release or have had those conditions explained to me. (If the bond is secured by collateral, complete Appearance Bond Supplement.)

_____, Surety          Date 6/18
_____, Surety          Date 6/18/25
Charles Peashey, Surety                  Date 6-18-25

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied, and the collateral will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## FORFEITURE OF THE BOND

If the defendant does not comply with the conditions set forth in this Order Setting Conditions of Release and Appearance Bond, this appearance bond may be forfeited and the Court may immediately order the amount of the bond and any collateral to be surrendered to the United States. At the request of the United States, the Court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT – YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

- Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
- While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years, and for a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive to (i.e., must follow) any other sentence you receive.
- It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the Court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
- If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
- A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF THE DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

Release of the Defendant is hereby ordered on  6/18/25    s/ Joseph Marutollo    , US MJ
                                              Date        Judicial Officer's Signature

Docket No. __25 CR 182 (RPK)__     PAGE __3__ OF __3__

## Appearance Bond Supplement

Defendant: __Lori Zeno__     Amount of Bond: $ __500,000__

The following surety or sureties, which may include the defendant, acknowledge that they have read the Order Setting Conditions of Release and Appearance Bond or had these conditions explained to them. They further acknowledge that they, jointly and severally, are bound to pay the United States of America the sum of the amount of the bond as set forth in that Order. Their obligation shall be secured by their interest in the following Collateral:

- [ ] Cash deposited in the Registry of the Court in the sum of $ _____ ;
- [x] Property (premises, securities, bonds or other asset) identified below;
- [x] For any premises, the surety agrees to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney's Office, to be duly filed with the proper local or state authorities on or before __6/27/25__
- [ ] For any securities, bonds or other assets, the surety agrees to have the property restrained.

Each owner of the Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while the Appearance Bond is in effect.

| Signature | Address | Date | Acknowledged Before |
|---|---|---|---|
| _____, Surety | _____ | _____ | _____ USMJ |
| _____, Surety | _____ | _____ | _____ USMJ |
| _____, Surety | _____ | _____ | _____ USMJ |
| _____, Surety | _____ | _____ | _____ USMJ |
| _____, Surety | _____ | _____ | _____ USMJ |
| _____, Surety | _____ | _____ | _____ USMJ |
| _____, Surety | _____ | _____ | _____ USMJ |

Signed and Acknowledged by all the above sureties before me on _____, 20 ____     _____, USMJ.

The bond shall be secured by the interest of the surety in the following property or properties:

Property located at: _____
Owned by: __Lori Zeno [signature]__

Property located at: _____
Owned by: _____

Property located at: _____
Owned by: _____